## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BEST ENTERPRISES, LLC, a<br>Minnesota limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 07 C 6547 |
| APPLIED WATCH TECHNOLOGIES, LLC,<br>an Illinois limited liability company, and<br>ERIC HINES, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants Applied Watch Technologies, LLC ("Applied Watch") and Eric Hines

("Hines"; Hines and Applied Watch collectively referred to as "Defendants"), through their

attorneys Riffner Barber LLC, answer the Amended Complaint of Plaintiff Best Enterprises,

LLC, as follows:

1.       Best Enterprises brings this suit seeking redress for the substantial monetary and
other injuries suffered as a result of the unlawful behavior of Applied Watch and Hines, its
former CEO, Chairman and President.  Best Enterprises entered into a written agreement with
Applied Watch, pursuant to which Best Enterprises became the exclusive reseller of all of
Applied Watch Products in the continental United States and Hawaii.  Applied Watch failed to
honor the terms of the agreement, which caused Best Enterprises substantial monetary damages.
In addition, Hines and Applied Watch tortiously interfered with Best Enterprises' business
relationship with Phil Lach, an important sales representative for Best Enterprises, and other
prospective customers of Best Enterprises.  Because of Hines and Applied Watch's tortious
interference with the business relationship and expectancy, Best Enterprises lost the services of
Phil Lach and suffered other substantial damages.

**ANSWER:**    The first sentence of Paragraph 1 does not contain an allegation of fact and,

therefore, no response is required.  To the extent that a response to the first sentence is required,

Defendants deny any inferences that may be drawn therefrom. Defendants admit allegations

contained in the second sentence of Paragraph 1. Defendants deny the allegations contained in

the third, fourth and fifth sentences of Paragraph 1.

2.      Plaintiff, Best Enterprises, is a Minnesota limited liability company with its
principal place of business located at 6989 N. 55th Street, Suite D, Oakdale, Minnesota 55128.
The fourteen members of Best Enterprises are: (1) Thomas A. Best, a citizen of the State of
Minnesota; (2) Steven M. Best, a citizen of the State of Georgia; (3) Jonathan Best, a citizen of
the State of Minnesota; (4) Nathan Best, a citizen of the State of Minnesota; (5) Christa Best, a
citizen of the State of Minnesota; (6) Julie A. Best, a citizen of the State of Wisconsin; (7)
Cynthia J. Malone, a citizen of the State of Florida; (8) Nicholas Best, a citizen of the State of
Georgia; (9) Hunter Moegenburg, a citizen of the State of Wisconsin; (10) Katelyn Malone, a
citizen of the State of Florida; (11) Annika Best, a citizen of the State of Georgia; (12) Nicholas
Best, a citizen of the State of Georgia; (13) Megan Malone, a citizen of the State of Florida; and
(14) David Malone, a citizen of the State of Wisconsin.

**ANSWER:**    Defendants admit the allegations contained in the first sentence of Paragraph 2.

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations of Paragraph 2.

3.      Defendant Applied Watch is an Illinois limited liability company with its
principal place of business located at 1095 Pingree Road, Suite 213, Crystal Lake, Illinois.
Applied Watch is in the business of, *inter alia,* offering management platforms for open source
computer security applications. Hines is the sole member of Applied Watch and is a citizen of
the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 3.

4.      Defendant Hines was at all time pertinent hereto the CEO, Chairman and
President of Applied Watch.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 4.

5.      Phil Lach was a sales representative for Best Enterprises.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of Paragraph 5.

6.      There is complete diversity of citizenship between the parties and the amount in
controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has
jurisdiction over this action pursuant to 28 U.S.C. §1332(a).

**ANSWER:**    Defendants admit the allegations contained in Paragraph 6.

7.    Venue in this district is appropriate pursuant to 28 U.S.C. §1391(a).

**ANSWER:**    Defendants admit the allegations contained in Paragraph 7.

8.    Best Enterprises is a family owned, Service-Disabled Veteran Owned Small Business. For over sixteen years, Best Enterprises has provided communications contractors in the commercial and government sector with all the materials and technical help required to select and install data, voice, telecom and security systems. As part of its business, Best Enterprises acts as a distributor, offering a broad line of many of the leading manufacturers' highest quality products.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 8.

9.    On or about May 1, 2006, Best Enterprises and Applied Watch entered into a Reseller Agreement ("Reseller Agreement"). Applied Watch, *inter alia*, offers management platforms for open source computer security applications. (A true and correct copy of the Reseller Agreement is attached hereto as Exhibit "A" and incorporated herein.)

**ANSWER:**    Defendants admit the allegations contained in Paragraph 9.

10.    The Reseller Agreement, which was solely drafted by Applied Watch, granted Best Enterprises the exclusive right within the continental United States and Hawaii to resell the Applied Watch Command Center™. (Ex A, p. 1, ¶1.1; p. 10-11.) The Applied Watch Command Center™ is a management platform for open source security applications. Best Enterprises also had the right to sell all other Applied Watch Products on a non-exclusive basis. (Ex. A, p. 11.)

**ANSWER:**    Defendants deny that the agreement was solely drafted by Applied Watch. The

remaining allegations contained in the first sentence call for a legal conclusion and, therefore, no

response is required. Defendants admit the allegations contained in the second sentence of

Paragraph 10. The third sentence of Paragraph 10 calls for a legal conclusion and, therefore, no

response is required.

11.    The original term of the Reseller Agreement was for one year, commencing on May 1, 2006.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 11.

12.    Pursuant to Section 5.1 of the Reseller Agreement, Best Enterprises and Applied Watch agreed that Best Enterprises was entitled to the following gross profit margins on all

Applied Watch products:  equipment – 40%; software – 45%; TAPS[1] – 20%; installation – 100%; and annual subscriptions – 25%.

**ANSWER:**    Paragraph 12 calls for a legal conclusion and, therefore, no response is required.

To the extent that a response is required, Defendants deny the allegations to the extent that they

contradict, or differ from, the language of the Reseller Agreement.

13.    In or around October of 2006, Applied Watch desired to extend the term of the Reseller Agreement.  Furthermore, Applied Watch also desired to amend the Reseller Agreement to make Best Enterprises the exclusive reseller of all Applied Watch products, not just the Applied Watch Command Center™.

**ANSWER:**    Defendants admit the allegations contained in the first sentence of Paragraph 13.

Defendants deny the allegations contained in the second sentence of Paragraph 13.

14.    By e-mail dated October 24, 2006, Hines confirmed that he wanted Best Enterprises to be the exclusive reseller of all Applied Watch products.  (A true and correct copy of the October 24, 2006 e-mail is attached as Exhibit "B" and incorporated herein.)

**ANSWER:**    Defendants deny the allegations contained in Paragraph 14 to the extent that they

contradict, or differ from, the language and meaning of Hines' email.

15.    In that e-mail, Hines stated his intention to have Best Enterprises "take[] over all of [Applied Watch's] sales efforts." *Id.*  This would allow Applied Watch "to focus on that [it] does best, which is [its] technology." *Id.*

**ANSWER:**    Defendants deny the allegations contained in Paragraph 15 to the extent that they

contradict, or differ from, the language or meaning of Hines' email.

16.    In order to effectuate this, on or about November 1, 2006, Best Enterprises and Applied Watch entered into the First Amendment to the Reseller Agreement ("First Amendment").  (A true and correct copy of the First Amendment is attached hereto as Exhibit "C" and incorporated herein.)

**ANSWER:**    Paragraph 16 is ambiguous and, therefore, no response is required.  To the extent

that a response is required, Defendants admit that a First Amendment was entered into between

Applied Watch and Best Enterprises.

---

[1] TAP stands for "Total Access Port," which is a device that allows a computer system to interface with the Applied

17.    The First Amendment extended the term of the Reseller Agreement through December 31, 2007.  (Ex. C, ¶2.)

**ANSWER**:    Paragraph 17 calls for a legal conclusion and, therefore, no response is required.

To the extent that a response is required, Defendants admit the allegations contained in

Paragraph 17.

18.    Furthermore, the First Amendment provided that Best Enterprises "is appointed as an exclusive, independent Reseller of Applied Watch Products" in the continental United States and Hawaii.  (Ex. C., ¶3.)

**ANSWER**:    Defendants deny the allegations contained in Paragraph 18 to the extent that they

contradict, or differ from, the language of the First Amendment.

19.    As part of this exclusive relationship, Best Enterprises was "responsible for all sales and marketing related activities for Applied Watch Products in [the continental United States and Hawaii], including but not limited to:

- Pursuing all sales leads.  Applied Watch agrees that it shall cause all sales leads to be forwarded to Best in order that Best may pursue such leads.

- Any pricing inquiries will be forwarded to Best for follow up.

- All quotes (whether from Best or from Applied Watch in the event of a quote to a preexisting customer) will be presented to customers on Best letterhead or through other appropriate Best channels (e.g. e-mail).

- All customer orders will be placed with Best.  Best will then deliver a purchase order to Applied Watch in accordance with the Agreement, as amended.

- In the event an order is placed directly with Applied Watch, such orders shall be forwarded to Best for processing in accordance with the Agreement, as amended."

(Ex. C, p. 3.)

**ANSWER**:    Defendants deny the allegations contained in Paragraph 19 to the extent that they

contradict, or differ from, the language of the First Amendment.

20.    The First Amendment also provides that "the parties agree that the pricing and margins for the Applied Watch Products and the installation work performed in accordance with

---

Watch software.

5

Paragraph 4 of this First Amendment shall be as set forth on **Exhibit B** attached to this First Amendment." (Ex. C, ¶4.)

**ANSWER:**     Defendants deny the allegations contained in Paragraph 20 to the extent that they

contradict, or differ from, the language of the First Amendment.

21.     Exhibit B to the First Amendment defines "gross profit margin" as "the value received by Best from customers purchasing Applied Watch Products which exceeds the cost of Applied Watch Products paid by Best to Applied Watch." (Ex. C, p. 4.)  Under the terms of the First Amendment, Best Enterprises was entitled to the same gross profit margins as under the original Reseller Agreement:  equipment – 40%; software – 45%; taps – 20%; installation – 100%; and annual subscriptions – 25%.

**ANSWER:**     Paragraph 21 calls for a legal conclusion and, therefore, no response is required.

To the extent that a response is required, Defendants deny the allegations to the extent they

contradict, or differ from, the language of the First Amendment.

22.     The only narrow exception to Best Enterprises' exclusive right to sell Applied Watch Products was for customer relationships that existed between Applied Watch and a customer as of the November 1, 2006 date of the First Amendment. (Ex. C, p. 3.)  A full and complete list of these existing relationships is attached as Exhibit B to the First Amendment. Best Enterprises was not entitled to any gross profit margin with respect to the existing relationships specified in Exhibit B t the First Amendment.

**ANSWER:**     Paragraph 22 calls for a legal conclusion and, therefore, no response is required.

23.     After the execution of the Reseller Agreement, Best Enterprises worked diligently and in a good faith effort to generate sales of Applied Watch's products.  Best Enterprises expended large amounts of money and resources in its efforts on behalf of Applied Watch, which entailed spending large amounts of time on the telephone and traveling in person to industry conventions to meet prospective customers of Applied Watch products.

**ANSWER:**     Defendants deny the allegations contained in the first sentence of Paragraph 23.

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations of Paragraph 23.

24.     From the very date of the Reseller Agreement, however, Applied Watch made no effort to honor the terms of the parties' contract.  Throughout the parties' relationship, Applied Watch failed to make payments that were owing to Best Enterprises, failed to cause all sales leads to be forwarded to Best Enterprises to pursue, placed customer orders itself instead of

through Best Enterprises, and failed to forward to Best for processing orders that were placed directly with Applied Watch. All of these actions were in breach of the parties' agreement.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 24.

25.    In addition, on or about March 27, 2007, Hines unilaterally declared that Best would no longer be the exclusive reseller of all Applied Watch products in the continental United States and Hawaii. Instead, Hines informed Best that he was "narrowing [Bests'] exclusivity to the Midwest region." (A true and correct copy of the March 27, 2007 e-mail from Hines to Best is attached as Exhibit "D" and incorporated herein.) Hines' unilateral action was a breach of the parties' contract.

**ANSWER**:    The first sentence of Paragraph 25 calls for a legal conclusion and, therefore, no

response is required. To the extent that a response is required, Defendants deny the allegations

in the first sentence. Defendants deny the allegations contained in the second sentence of

Paragraph 25 to the extent they contract, or differ from, the language and meaning contained in

Hines' email. Defendants deny the allegations contained in the last sentence of Paragraph 25.

26.    Moreover, Buck Bundhund ("Bundhund"), an Applied Watch employee, sent an e-mail to Best on May 11, 2007. (A true and correct copy of the May 11, 2007 e-mail from Bundhund to Best is attached as Exhibit "E" and incorporated herein.) In that e-mail, Bundhund referenced six sales opportunities, only one of which was included on the list of existing customer relationships for which Best Enterprises was not entitled to any gross profit margin. *Id.* Despite this, Bundhund informed Best Enterprises that Applied Watch was not going to honor the commission percentages called for by the Reseller Agreement and First Amendment. *Id.* Instead of the commission percentages required by the parties' contract, Applied Watch was, in some instances, going to reduce the commission to as law as only 10%. *Id.* To date, Applied Watch has not paid Best Enterprises any commissions for these sales, whether the full amount called for by the parties' agreement, or the lower amount contained in the May 11, 2007 e-mail.

**ANSWER**:    Defendants admit the allegations contained in the first sentence of Paragraph 26.

The second sentence of Paragraph 26 calls for a legal conclusion and, therefore, no response is

required. To the extent that a response to the second sentence is required, Defendants deny the

allegations to the extent that they contradict, or differ from the language and meaning of

Bundhund's email. Defendants deny the allegations contained in the third sentence of Paragraph

26 to the extent that they contradict, or differ from the language and meaning of Bundhund's

email. Defendants deny the allegations contained in the fourth sentence of Paragraph 26 to the

extent that they contradict, or differ from the language and meaning of Bundhund's email.

Defendants admit the allegations contained in the last sentence of Paragraph 26.

       27.    Furthermore, the May 11, 2007 e-mail also makes clear that Applied Watch breached the Reseller Agreement and First Amendment by not forwarding on to Best all sales leads. For example, Bundhund states that Best Enterprises should only get a 10% commission on the deal with Dillards because it is "a Applied Watch generated deal." *Id.* However, Dillards is not included on the list of Applied Watch's existing customer relationships, and should therefore have been forwarded on to Best Enterprises pursuant to the parties' agreement. (*See* Ex. C, p. 3.)

**ANSWER:**    Defendants deny the allegations contained in the first sentence of Paragraph 27.

Defendants deny the allegations contained in the second sentence to the extent that they

contradict, or differ from, the language and meaning of Bundhund's email. The last sentence of

Paragraph 27 calls for a legal conclusion and, therefore, no response is required.

       28.    On information and belief, Applied Watch failed to forward to Best Enterprises numerous other sales leads as required by the contract. Applied Watch purposely did not forward on these leads in order to avoid paying Best Enterprises the commissions that were due under the parties' agreement. By purposely not forwarding on these sales leads, Applied Watch acted in a willful and malicious manner.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 28.

       29.    In April of 2005, Best Enterprises entered into a business relationship with Phil Lach ("Lach") pursuant to which Lach became a sales representative for Best Enterprises and was paid a percentage of the sales opportunities he consummated.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 29.

       30.    After the Reseller Agreement was executed, Lach became Best Enterprises' primary sales representative in the promotion and sale of Applied Watch products. On or about November 1, 2006, Lach and Best Enterprises agreed that Lach's work for Best Enterprises would from that point forward focus exclusively on the promotion and sale of Applied Watch products.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 30.

31.    In November of 2006, Hines, without the knowledge and/or approval of Best Enterprises, approached Lach and suggested to Lach that he should work directly with Applied Watch instead of with Best Enterprises. Hines made this proposal in order to wrongly eliminate Best Enterprises from the transactions, and to thereby avoid having to pay Best Enterprises the amounts due under the parties' agreement.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 31.

32.    On March 27, 2007, Hines, believing that Lach would from that point forward be working for Applied Watch, sent an e-mail to Best Enterprises. In that e-mail, Hines used the fact that Lach would purportedly no longer be working for Best Enterprises as a reason for unilaterally attempting to change the terms of the still valid Reseller Agreement and First Amendment. (*See* Ex. D.)

**ANSWER:**    Defendants admit that an email was sent, and deny the remaining allegations

contained in Paragraph 32.

33.    After Hines made duplicitous and misleading statements to Lach, the two had a falling out and Lach decided not to work for Hines. As a result, Hines refused to allow Lach to work any longer for Best Enterprises in the promotion and sale of applied Watch products.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 33.

34.    Because of Hines' and Applied Watch's unjustified and intentional interference with Best Enterprises' business relationship with Lach, and their intentional interference with Best Enterprises' business expectancies under the parties' agreement, Best Enterprises has suffered substantial monetary damages and lost business opportunities.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 34

35.    On or about July 13, 2007, Applied Watch terminated the Reseller Agreement and First Amendment, pursuant to Section 10.1 of the Reseller Agreement.

**ANSWER:**    Paragraph 35 calls for a legal conclusion and, therefore, no response is required.

To the extent that a response is required, Defendants admit the allegations contained in

Paragraph 35.

## COUNT I

9

36.     Best Enterprises realleges and incorporates by reference herein Paragraphs 1 through 35 of the Complaint as Paragraph 36 of Count I of the Complaint as though fully set forth herein.

**ANSWER:**     Defendants reallege and restate their answers to Paragraphs 1 through 35 as

though fully set forth herein.

37.     The parties, for good and valuable consideration, entered into a binding contract, specifically, the Reseller Agreement, as subsequently modified by the First Amendment.

**ANSWER:**     Paragraph 37 calls for a legal conclusion and, therefore, no response is required.

38.     The Reseller Agreement clearly and unambiguously granted Best Enterprises the exclusive right within the continental United States and Hawaii to resell the Applied Watch Command Center™.  Best Enterprises also had the right to sell all other Applied Watch Products on a non-exclusive basis.

**ANSWER:**     Paragraph 38 calls for a legal conclusion and, therefore, no response is required.

39.     The First Amendment clearly and unambiguously expanded the scope of the Reseller Agreement by making Best Enterprises the exclusive seller of all Applied Watch products in the continental United States and Hawaii.

**ANSWER:**     Paragraph 39 calls for a legal conclusion and, therefore, no response is required.

40.     Applied Watch breached the parties agreement by, *inter alia*:  failing to make payments that were owing to Best Enterprises; failing to cause all sales leads to be forwarded to Best Enterprises to pursue; placing customer orders itself instead of through Best Enterprises; failing to forward to Best Enterprises for processing orders that were placed directly with Applied Watch; and failing to make Best Enterprises responsible for the installation of all Applied Watch products.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 40.

41.     Best Enterprises has performed or was at all times willing to perform all of its duties under the parties' agreement.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 41.

42.     Best Enterprises has been damaged in an amount in excess of $250,000.00, the benefit of its bargain, as a direct and proximate result of the Applied Watch's breaches of the parties' agreement.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 42.

FOR RELIEF Defendants Applied Watch Technologies, LLC, and Eric Hines, pray for judgment in their favor and against Plaintiff Best Enterprises, LLC, and for any additional relief that this Court deems appropriate.

## COUNT II

43.    Best Enterprises realleges and incorporates by reference herein Paragraphs 1 through 42 of the Complaint as Paragraph 43 of Count II as though fully set forth herein.

**ANSWER:**    Defendants reallege and restate their answers to Paragraphs 1 through 42 as though fully set forth herein.

44.    Hines and Applied Watch intentionally interfered with Best Enterprises business relationship with Lach by attempting to solicit Lach away from Best Enterprises. Hines' and Applied Watch's improper purpose was to avoid the contractual obligations to Best Enterprises and to force Best Enterprises into modifying the Reseller Agreement, as modified by the First Amendment.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 44.

45.    As a direct and proximate result of Hines' and Applied Watch's intentional interference, Best Enterprises did not realize its expectations from its business relationship with Lach, and has been damaged in an amount to be proven at trial.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 45.

46.    The conduct of Hines and Applied Watch was willful or malicious. Thus, Best Enterprises is also entitled to an award of punitive damages against these Defendants.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 46.

FOR RELIEF Defendants Applied Watch Technologies, LLC, and Eric Hines, pray for judgment in their favor and against Plaintiff Best Enterprises, LLC, and for any additional relief that this Court deems appropriate.

## COUNT III

47.    Best Enterprises realleges and incorporates by reference herein Paragraphs 1 through 46 of the Complaint as Paragraphs 47 of Count III as through fully set forth herein.

**ANSWER**:    Defendants reallege and restate their answers to Paragraphs 1 through 46 as

though fully set forth herein.

48.    Hines and Applied Watch intentionally interfered with Best Enterprises prospective business relationships with customers pursuant to the terms of the parties' agreement. Hines and Applied Watch's improper purpose was to avoid the contractual obligations to Best Enterprises and to force Best Enterprises into modifying the Reseller Agreement, as modified by the First Amendment.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 48.

49.    As a direct and proximate result of Hines' and Applied Watch's intentional interference, Best Enterprises did not realize its expectations from its business relationships with Lach and Applied Watch, and has been damaged in an amount to be proven at trial.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 49.

50.    The conduct of Hines and Applied Watch was willful and malicious.  Thus, Best Enterprises is also entitled to an award of punitive damages against these Defendants.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 50.

FOR RELIEF Defendants Applied Watch Technologies, LLC, and Eric Hines, pray for

judgment in their favor and against Plaintiff Best Enterprises, LLC, and for any additional relief

that this Court deems appropriate.

## COUNT IV

51.    Best Enterprises realleges and incorporates by reference herein Paragraphs 1 through 35 of the Complaint as Paragraph 41 of Count IV as through fully set forth herein.

**ANSWER**:    Defendants reallege and restate their answers to Paragraphs 1 through 35 as

though fully set forth herein.

52.    In the alternative, Best Enterprises conferred a benefit on Applied Watch that it would be inequitable for Applied Watch to retain.

**ANSWER**:    Defendants deny the allegations contained in Paragraph 52.

53.    Best Enterprises expended significant resources, manpower and money in promoting the sale of Applied Watch's products.  Applied Watch has received and will continue

to receive the benefit of Best Enterprises' efforts through product sales that have been made, or will in the future come to fruition.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 53.

54.     Applied Watch terminated its agreement with Best Enterprises in order to retain the benefit of Best Enterprises efforts without having to pay any recompense to Best Enterprises.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 54.

55.     Because of this, it would be inequitable for Applied Watch voluntarily to accept and retain these benefits without payment.

**ANSWER**:     Defendants deny the allegations contained in Paragraph 55.

FOR RELIEF Defendants Applied Watch Technologies, LLC, and Eric Hines, pray for judgment in their favor and against Plaintiff Best Enterprises, LLC, and for any additional relief that this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Best Enterprises materially breached the Reseller Agreement, and any amendments thereto, by failing to perform according to the terms of the agreement including, but not limited to, inadequate sales, marketing, support, and advertising, causing monetary damages and damages to the good will of Applied Watch.

2.     The Reseller Agreement, and any amendments thereto, was terminable at will by either party pursuant to the terms contained therein.

3.     The Reseller Agreement, and any amendments thereto, was modified by an email exchange between Eric Hines, then President of Applied Watch, and Dr. Steven Best and Tom Best, then authorized representatives of Best Enterprises on May 15, 2007; and confirmed two hours later with a confirmation email to Ivey Parnell, of Expeditionary Technology; which substantially alters, and narrows, the scope of territory and customers of which Best Enterprises was entitled to commission(s) or other compensation.

4.    The Reseller Agreement is not an "exclusive" commitment because it reserves the right for Applied Watch to sell direct to pre-existing end customers at any time without notice.

5.    Pursuant to Paragraph 17.8 of the Reseller Agreement, Applied Watch is entitled to amend any of the exhibits in its sole discretion.

6.    Pursuant to the terms of the Reseller Agreement, Best Enterprises was not entitled to any percentage of gross profit margins. Best was entitled only to the value received by Best from customers purchasing Applied Watch products which exceeds the cost of Applied Watch products paid by Best Enterprises to Applied Watch.

7.    Pursuant to Paragraph 13.1 of the Reseller Agreement, neither party is liable for loss of profits, incidental or indirect.

8.    Pursuant to the Reseller Agreement, nothing prohibited Applied Watch from hiring any individual. Therefore, Best Enterprises' tortuous interference claims must fail.

9.    Eric Hines, then President of Applied Watch, at all times acted as (1) an employee, agent and representative of Applied Watch; (2) never acted outside the scope of his employment; and (3) never acted for himself personally, and  therefore, cannot be held personally liable for any alleged conduct, or misconduct as the case may be.

10.    Best Enterprises has not been damaged by any alleged interference with business relations, or business expectations.

Respectfully submitted,

APPLIED WATCH TECHNOLOGIES, LLC,
and ERIC HINES

By: _____
        One of their attorneys

Robert G. Riffner
Patricia F. Cross
Kevin J. Joyce
RIFFNER BARBER LLC
1834 Walden Office Square, Suite 500
Schaumburg, IL 60173
847-654-0706
847-303-6621